A separate conforming order shall enter.

**SO ORDERED.**

---

**Ernest Jay HALL, Plaintiff,**

. v.

**Jeffrey A. GOFORTH, Defendant.**

**No. CIV. A. H–98–1981.**

United States District Court,
S.D. Texas.

Sept. 17, 1998.

Anne Marie Ferazzi, Houston, TX, for Plaintiff.

Joseph T. Kennedy, The Woodlands, TX, for Defendant.

## Opinion on Appeal

Hughes, District Judge.

### 1. *Introduction.*

A debtor appeals from a creditor's recovery of the full amount of a judgment arising out of a group of transactions including an employment agreement. The bankruptcy code limits the liability of a debtor-employer on an employment contract to one year's compensation; however, the code does not limit the liability of a debtor who agreed to employment as a contemporaneous part of a purchase of the controlling shares of the employer. *See* 11 U.S.C. § 502(b)(7). The creditor's recovery will subsist.

### 2. *Background.*

Five years ago, Ernest J. Hall sold control of Teleometrics International, Inc. to Jeffrey A. Goforth. The integrated agreement comprising the deal between Hall and Goforth required that, after the transfer of the shares, Teleometrics would employ Hall under a specific five-year employment contract with Teleometrics that was an attachment to the integrated agreement. Five months later, Teleometrics fired Hall.

The integrated agreement required the parties to arbitrate their disputes. In an arbitration, Hall won $1,127,000 against both Teleometrics and Goforth. A state court entered a judgment against both Teleometrics and Goforth enforcing the arbitration award. After the judgment, both Teleometrics and Goforth filed for reorganization. Hall then filed claims against each party for the $1,127,000 judgment.

In the proceeding with Teleometrics, the bankruptcy court determined that Teleometrics owed Hall only $192,000, because the bankruptcy code limits a debtor's liability on an employment contract to one year's compensation. Goforth argues that the same statute limits his liability to Hall.

### 3. *Employment Contracts.*

 The bankruptcy code allows a creditor to collect up to one year's compensation for claims based on employment contracts. *See* 11 U.S.C. § 502(b)(7). Logic requires that the statute implicitly protects employers alone, for employees receive employment contracts from their employers. Also, the statute does not limit the liability of guarantors of employment contracts. *See In re Johnson,* 117 B.R. 461 (Bankr.D.Minn.1990). Although Goforth did not specifically guarantee Hall's employment contract with Teleometrics, Goforth served a similar role when he acquired control of Teleometrics and agreed that it would employ Hall.

Finally, Goforth's liability to Hall is beyond that of a guarantor; Goforth is liable on the integrated agreement as the purchaser of Teleometrics stock, not based on Teleometrics' employment agreement with Hall. Part of the consideration for the transfer of control was Hall's employment with Teleometrics. The code applies only to claims arising from employment contracts—not to related contract claims. Goforth did not employ Hall; therefore, the code does not limit Goforth's liability to Hall.

### 4. *State Court's Decision.*

In enforcing the arbitration, the state court found Teleometrics and Goforth liable based on the entire transaction, not solely on the employment agreement. The bankruptcy court did not reexamine the whether Goforth employed Hall; rather, the bankruptcy court simply applied the code to the record before it. The state court decision remains undisturbed.

### 5. *Conclusion.*

The code limits only the liability of Teleometrics. Goforth is responsible for the entire judgment against him. The court will affirm.

## Final Judgment

The judgment of the bankruptcy court is affirmed, allowing Ernest Jay Hall's claim against Jeffrey A. Goforth for $1,002,122.79, calculated to September 1, 1998.